**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted November 21, 2018[*]
Decided November 29, 2018

**Before**

JOEL M. FLAUM, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

MICHAEL Y. SCUDDER, *Circuit Judge*

No. 18-1462

| | |
|---|---|
| DEBRADRE D. JACKSON, *Plaintiff-Appellant*, | Appeal from the United States District Court for the Eastern District of Wisconsin. |
| *v.* | No. 16-cv-1454-pp |
| DOMINIC CORRAO, *Defendant-Appellee*. | Pamela Pepper, *Judge*. |

**O R D E R**

DeBradre Jackson, a Wisconsin state prisoner, argues that Officer Dominic Corrao acted with deliberate indifference to his medical needs by not personally calling medical services after he suffered a seizure. The district court concluded that Corrao responded reasonably to the situation and granted Corrao's motion for summary judgment. We affirm.

---

[*] We agreed to decide this case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. *See* FED. R. APP. P. 34(a)(2)(C).

We construe the facts in favor of Jackson, the nonmovant, drawing all reasonable inferences in his favor. *See Robinson v. Perales*, 894 F.3d 818, 823 (7th Cir. 2018). Jackson's cellmate alerted a prison guard that Jackson was having a seizure. The guard radioed Corrao and security staff at the control center for help and then went to Jackson's cell. Corrao in turn radioed the control center, relying on staff there to inform members of the Health Services Unit of the incident.

A few minutes later, Corrao went to Jackson's cell. By the time he arrived, Jackson was regaining consciousness. While Corrao questioned him (in an effort to determine his mental state), Jackson attempted to stand and move around. Corrao believed that Jackson's symptoms were "atypical of a normal seizure because of his active attempts to stand, his lack of exhaustion, his ability to respond, and his coherence within such [a] short time frame after the supposed seizure." Knowing that other inmates had experienced seizure-like symptoms after using a synthetic form of cannabis, Corrao suspected that Jackson might be high on an illegal substance. He proceeded to search Jackson's cell, where he found "a green leafy substance and a freshly used homemade pipe made of rolled paper and a charred tin foil cap."

Other prison staff arrived and transferred Jackson to a restrictive housing unit. Corrao expressed to these officers his belief that Jackson had suffered a reaction to synthetic marijuana rather than a seizure. Corrao had no further involvement with Jackson, who received medical care about 24 hours later.

Jackson sued Corrao under the Eighth Amendment for his deliberate indifference in not personally contacting the Health Services Unit. The judge entered summary judgment for Corrao, explaining that Jackson undisputedly faced a serious risk of harm but that Corrao responded reasonably to the situation. *See Farmer v. Brennan*, 511 U.S. 825, 846–47 (1994).

On appeal Jackson challenges the conclusion that Corrao responded reasonably. Jackson again insists that Corrao personally should have contacted medical services instead of relying on control-center staff to do so. Corrao's failure to contact medical staff directly, Jackson maintains, was not "in accord with how he was tr[ai]ned to respond by the Department of Corrections" and "contrary to the Department policy." Even assuming this were true, violating a departmental policy, without more, does not amount to a constitutional violation. *See Estate of Simpson v. Gorbett*, 863 F.3d 740, 746 (7th Cir. 2017). Corrao's contacting the control center—rather than medical staff

directly—does not reflect reckless disregard of a risk to Jackson's health. *See Farmer*, 511 U.S. at 836.

AFFIRMED